DOUGLAS MILNE, Plaintiff, *v.* MARK HENRY SCHNEIDER, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, March 3, 1930.

*Alfonse F. Spiegel* [*Zoltan Nagy* of counsel], for the plaintiff.
*Louis Kolodney*, for the defendant.

GENUNG, J.   The action was brought for money had and received and fraud and deceit.   The answer was a general denial and a counterclaim for $250.   At the trial the plaintiff elected to proceed on the claim for fraud and deceit.

It appears that on or about June 1, 1929, the plaintiff consulted the defendant, an attorney at law, with reference to his matrimonial difficulties, and agreed to pay the defendant the sum of $300 on account of a total of $600 that was demanded by the defendant for the performance of certain services.   The plaintiff also signed a paper reading as follows:

" *May* 31*st*, 1929.

" Dear Mr. SCHNEIDER:

" I hereby retain you to obtain a divorce in my favor against my wife, in Nogales, Sonora, Mexico, and for your services I agree to pay you the sum of $600 as follows,

" 50% on the signing of this retainer, receipt whereof is hereby acknowledged.

" 25% when the summons is received for service.

" 25% when the decree is obtained and delivered to me.

" It is understood that the decree obtained will be valid and should at any time within six years after its obtainment an action be commenced in Nogales, Sonora, or in New York, to declare its invalidity, your services shall be to uphold it without any additional fee.

" It is further agreed that the action shall not take longer than four months to complete the same.

" If for any reason whatsoever, the divorce does not go through and no decree obtain, the fee shall be returned minus the actual disbursements.

" If the divorce is upset by the wife in New York State or Mexico, the fee shall be returned minus the actual disbursements.

" . . . . . . . . . . . . . . . . . . . . . . .

" The above is accepted by me
        " M. H. SCHNEIDER."

The plaintiff also paid to the defendant the sum of $300.   On or about July 23, 1929, the plaintiff wrote to the defendant a letter, reading as follows:

" Please be advised that our relation as attorney and clients are hereby terminated and that I shall not consider the payment of any moneys beyond a reasonable amount for any services which may have been rendered to date, this amount to be determined by ourselves within the next few days, when I shall call upon you at your office.   Under no circumstances shall I assume responsibility for any acts taken by you on my behalf after the date hereof."

The evidence discloses and the court finds that the defendant

did represent to the plaintiff that he would secure a divorce in Nogales, Sonora, Mexico, that would be valid and binding in the State of New York, although he knew at all times that both the plaintiff and his wife were residents of the State of New York, and that a proceeding had been brought by the wife of plaintiff in the Family Court to compel the plaintiff to support her. The court further finds that the defendant represented to the plaintiff that, after obtaining such divorce, the plaintiff could remarry, provided he did so in the State of New Jersey, and could thereafter live in the State of New York, and that the only manner in which said divorce could be set aside would be an action for a declaratory judgment, which the plaintiff's wife could not afford. The court further finds that the defendant represented that he would obtain jurisdiction for the court of Mexico over the wife of the plaintiff through the tricks of his trained agents. In view of the fiduciary relationship existing between the parties, as attorney and client, the plaintiff would have the right to rely on the representations made by the defendant. The representations were false and known to be false, and were made with the intention of deceiving and defrauding the plaintiff. In reliance on such representations, the plaintiff parted with the sum of $300, for which this action is brought.

The court further finds, as a matter of law, that the retainer above quoted is illegal and contrary to public policy, and that any money received thereunder should be returned to the plaintiff, and that any claim for alleged services or disbursements should be disallowed.

Judgment is rendered, therefore, in favor of the plaintiff for the sum of $300 and dismissing the counterclaim. Five days' stay.